was performed on the bulk materials only for the purpose of separating the completed assembly from the supply source. However, in the instant case as well as in the *Dillingham* case the bulk materials never entered into the assembly process in the form in which they were exported from the United States.

On the basis of the evidence of record the court concludes that the district director committed no error in disallowing item 807.00 treatment for the nylon filaments at bar in view of the non-compliance with item 807.00 clause (a). The court does not consider that clauses (b) and (c) of item 807.00 pose issues for decision. These actions must be dismissed.

Judgment will be entered accordingly.



# In re USS TRENTON DISASTER LITIGATION.

## No. 164.

Judicial Panel on Multidistrict Litigation.
Nov. 6, 1974.

Manufacturer of valve against whom several New York actions had been brought for death and injury suffered by crew members when steam escaped from ruptured valve on ship sought to have those actions transferred to the District of South Carolina for coordinated or consolidated pretrial proceedings. The Judicial Panel on Multidistrict Litigation held that where the only parties favoring the transfer were those who were parties to both the New York and the South Carolina actions, where the New York actions had been consolidated so that there were, in effect, only two actions focusing on the common issue of liability, where possibility of duplicative discovery could be avoided through cooperative efforts on the part of those who were parties to both actions, and where certain parties were seeking stipulation that all discovery could be used in all actions, motion would be denied.

Motion to transfer denied.

Courts ⚖︎277.2

Where eight actions arising out of same disaster on board ship had been consolidated in New York, so that there were only two cases focusing on the common issue of liability, one in New York and one in South Carolina, where only parties who favored transfer of New York actions to South Carolina were those who were parties to both actions, so that possibility of duplicative discovery could be avoided through cooperative efforts, where certain parties were seeking stipulation that all discovery could be used in all actions, and where seven of the New York plaintiffs opposed transfer, motion of one defendant to transfer New York actions to District of South Carolina for coordinated or consolidated pretrial proceedings would be denied. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

On June 29, 1971, the vessel USS Trenton was at sea in the vicinity of Guantanamo Bay, Cuba, when steam escaped from a ruptured valve aboard the ship causing the death or injury of several crew members. One action arising from the mishap has been filed in the District of South Carolina and eight have been filed in the Eastern District of New York.

Defendant Walworth Company, the valve manufacturer, moves the Panel for

an order transferring the New York actions to the District of South Carolina for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. All New York plaintiffs except one oppose transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.[1]

Movant contends that all actions in this litigation involve the same accident and that transfer is necessary in order to avoid duplication of discovery. Indeed, we recognize that the existence of common questions of fact concerning the issue of liability raises the possibility of duplicative discovery among these actions. But we find that with respect to this particular litigation the overall convenience of the parties and witnesses and the just and efficient conduct of the litigation will not necessarily be enhanced by a Section 1407 transfer.

First, the eight New York actions have been consolidated pursuant to local rules and assigned to a single judge. Thus, for all practical purposes, this litigation involves only two actions focusing on the common issue of liability, one in New York and another in South Carolina.

Secondly, the only parties that favor Section 1407 treatment are parties to both the New York and South Carolina actions: the plaintiff in the South Carolina action is also a plaintiff in one of the actions consolidated in New York, and all of the defendants in the South Carolina action are also party defendants in New York. Therefore, any possibility of duplicative discovery can easily be avoided through cooperative efforts among these parties or by their requesting a stay of the South Carolina action and proceeding with the consolidated New York action.

Furthermore, we are advised that certain parties are seeking a stipulation that all discovery may be used in all actions. Thus, we believe there are suitable alternatives to a Section 1407 transfer that are available to the parties in this litigation.

It is therefore ordered that the motion to transfer the actions listed on Schedule A be, and the same hereby is, denied.

### SCHEDULE A

#### District of South Carolina

| | |
|---|---|
| Janie R. Lee, Executrix, etc. v. South Carolina Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 72-517 |

#### Eastern District of New York

| | |
|---|---|
| Joseph A. Cretella, Adm., etc. v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 897 |
| Doris A. Rosemeck, Adm., etc. v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 925 |
| Mary Rose, Adm., etc. v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 926 |
| Julius T. Kormos, Adm., etc. v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 927 |
| Gerald A. Black v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 928 |
| Charles F. Krause v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 929 |
| Forest L. Edwards v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 930 |
| Janie R. Lee, Executrix, etc. v. Lockheed Shipbuilding & Construction Co., et al. | Civil Action No. 73 C 944 |

---

1. This matter was set to be heard at a regularly scheduled Panel hearing. Because of the sudden illness of one of the attorneys, however, the matter was not heard and the parties were advised that they could submit supplementary memoranda and have the matter decided on the briefs or that oral argument could be rescheduled. The parties decided to waive their right to oral argument and, at their request, the question of transfer of these actions under 28 U.S.C. § 1407 was submitted on the briefs.

